# Roth Appellant, *v.* Marshall et al.

*School laws—Equity—Discretion of directors as to location of school-house—Injunction—Police powers.*

A court of equity has no jurisdiction to supervise and direct the exercise of the official discretion of a board of school directors in the location of a schoolhouse, where such discretion has been exercised without fraud.

Where a bill in equity to restrain the change of location of a schoolhouse avers that the new location is less salubrious than the old one because more exposed to the winds of winter, and the answer denies the averment, the court will refuse an injunction.

It seems that it is more than doubtful whether the danger thus suggested was so obvious as to justify an exercise of the police powers in order to avert it, even if the facts were admitted to be as alleged.

Argued Oct. 19, 1893. Appeal, No. 244, Oct. T., 1893, by plaintiff, John M. Roth, from decree of C. P. Butler Co., dismissing bill in equity against John Marshall et al., school directors. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Bill to restrain change of location of schoolhouse.

The bill averred in substance that the school directors of Muddy Creek school district are about to change the location of schoolhouse No. 2 from its present site to a location about one half mile west of the present site, and very far west of the geographical and populated centre of said school district. That the school directors were making a change of school location without having complied with the requirements of the act of assembly in such cases made and provided. That the new location selected is in a bleak and exposed position, on top of a high hill where the roads are snow bound by drifts, inconvenient to get to and dangerous to the children's health. That the school directors have unlawfully assessed and levied a tax of three mills, and placed the tax duplicate in the hands of the township collector for collection. The bill prayed for an injunction.

The answer averred that the directors were about to remove said schoolhouse and have begun work on the same, and denied that it was very far west of the centre of the district and popu-

lation, or that it was inconvenient to reach by many of the district children, and that it was in a bleak and exposed position.

The answer further alleged that the court had no jurisdiction to restrain the school directors from removing the schoolhouse, that being a matter wholly within their discretion, over which the court had no control.

A cautionary injunction was granted which was afterwards dissolved by the court, Greer, J.

*Error assigned* was dissolving injunction.

*Joseph B. Bredin*, for appellant, cited: 1 Bl. Com. 129; Butchers' Union Co. v. Crescent City Co., 111 U. S. 746; Fertilizing Co. v. Hyde Park, 97 U. S. 659; Dillon, Mun. Corp. § 141; Acts of May 8, 1854, P. L. 617; March 21, 1806, § 13, 4 Sm. L. 332; June 16, 1836, P. L. 789; Purd. 74; Feb. 14, 1857, P. L. 39; Conner's Ap., 103 Pa. 357; Witmer's Ap., 15 Atl. R. 428; Delano Land Co.'s Ap., 103 Pa. 347; Trainer v. Wolfe, 140 Pa. 279; Act of March 31, 1860, P. L. 400; Milford Borough v. Milford Water Co., 124 Pa. 610.

*John D. Marshall*, for appellees, not heard, cited: Freeman v. School Directors, 37 Pa. 385; McCrea v. School Directors, 145 Pa. 550; Wharton v. School Directors, 42 Pa. 358; School v. Anderson, 45 Pa. 388; Com. v. Shaw, 96 Pa. 268; Com. v. Jenks, 154 Pa. 368; Act of April 8, 1854, § 23, P. L. 621.

Opinion by Mr. Justice Williams, November 6, 1893:

The subject of controversy in this case is the location of a district schoolhouse. Reduced to its simplest terms the question raised is whether the exercise of official discretion of a board of school directors shall be supervised and directed by a court of equity. If so, the selection of teachers and text books, the fixing of the rate for the levy of school and building taxes, the arrangement of the course of study, together with other similar duties, will be hereafter done subject to the opinion of the courts. The administration of the school laws will in that case depend on the discretion of a chancellor, whose decrees will be enforced by injunction or mandatory order. Such a conclusion would do violence to the school laws, and to the well settled

rules that fix the limits of official discretion.   If an officer neglects or refuses to enter upon the discharge of a duty which the law imposes upon him, the courts will quicken or compel action by a writ of mandamus.   If he goes beyond what the law requires, attempts that which is ultra vires, or abuses his discretion in any manner, the courts will restrain him by injunction.   The ground intermediate these extremes is the legitimate range of official discretion, within which the officer, on whom the law has cast a duty, may determine the manner of its performance:  Commonwealth v. Cochran, 1 S. & R. 473; School Directors v. Anderson, 45 Pa. 388; Schlaudecker v. Marshall, 72 Pa. 200 ;  Dechert v. Commonwealth, 113 Pa. 229; Runkle v. Commonwealth, 97 Pa. 328.   In the case of school directors who neglect or refuse to perform an official duty, the court of quarter sessions has a summary jurisdiction and may remove them from office and appoint others to fill their places. For an abuse of discretion or an act contrary to law the remedy is in the common pleas.   But for a mistake in judgment as to the time or manner of performance of their official duties they are answerable to the constituency that elects them.   They must act,—their action must be within the legal limits that bound their powers.   If they refuse to act, or go beyond the fair exercise of their discretion, the courts can exercise control over them.   If neither of these conditions exist, but they proceed to the discharge of their duties, exercising their official discretion as to the manner, the courts cannot interfere.

But the learned counsel for the appellants seeks to induce action in this case by suggesting that a question of public health is involved.   The bill alleges that the new location is less salubrious than the abandoned one, because more exposed to the winds of winter, and that pupils may suffer in health for this reason.   It is more than doubtful whether the danger thus suggested is so obvious as to justify an exercise of the police powers in order to avert it, even if the fact was admitted to be as alleged.   But it is distinctly denied in the answer before us. There is nothing in this case therefore to prevent the application of the general rule already stated.

The learned judge was right in dismissing the bill and his decree is affirmed.   Costs to be paid by the appellant.