Henry H. Bender *v.* Martin K. Streabich, President, Daniel D. Herr, Secretary, John R. Lefever, Treasurer, Robert S. Knox, Henry B. Shuman and Joseph S. Seitz, the Board of School Directors of the School District of Manor Township, Lancaster County, Appellants.

*School laws—Use of school buildings for religious purposes and public lyceums.*

School directors have no authority to permit public school buildings to be used for sectarian religious meetings, for the holding of public lyceums, or for any purposes other than school purposes directly relating to the instruction of the pupils of the schools, or for lectures or debates which are made a part of the course of instruction.

Argued May 17, 1897.   Appeal, No. 399, Jan. T., 1896, by defendant, from decree of C. P. Lancaster Co., Equity Docket, No. 3, page 147, on bill in equity.   Before Sterrett, C. J., Green, Williams, McCollum and Fell, JJ.   Affirmed.

Bill in equity to prevent the use of public school buildings for religious and lyceum purposes.   Before Livingston, P. J. and Brubaker, J., sitting as chancellors.

The material averment of the bill was that the said board of school directors, defendants in this bill, for some time past have permitted certain of the schoolhouses of the district to be used for other than common school purposes, against the protest and objection of a large number of taxpayers of said school district, one of whom is your orator, and do still permit the same to be so used, that is to say, the schoolhouse at Little Pittsburgh is used every Sunday by the United Evangelical Association for sectarian religious purposes, the schoolhouse at Spring Valley is used by the New Mennonite congregation for

sectarian religious purposes, and the Walnut Hill and Rural Hall schoolhouses are used for lyceum purposes, all of which are so used with the consent and by the authority given by said board of school directors, defendants in this bill.

The court granted a preliminary injunction which it subsequently made perpetual.

*Error assigned* was decree of the court.

*Charles I. Landis,* for appellants.—Christianity is a part of the common law of this state: Updegraph v. Com., 11 S. & R. 394.

In Hart v. School District of the Borough of Sharpsville, 2 Lanc. Law Rev. 346, it was held by MEHARD, P. J., that the reading of the Bible in the public school is not contrary to the school laws, and cannot be restrained by injunction.   This is also the ruling in Spiller v. Woburn, 12 Allen, 127, The People v. Ruggles, 8 Johnson, 290, Donahoe v. Richards, 38 Me. 376, and Hale v. Everett, 53 N. H. 79.

The contention that the schoolhouse shall be used for purely common school purposes, as held by the court below, narrows in many communities, to a large degree, educational opportunities, and seems to us to be too contracted a meaning of the letter of the law.

An injunction will not be granted on account of past injuries ; it is purely a preventive remedy: Whitman v. Shoemaker, 2 Pearson, 320 ; McDonough v. Bullock, 2 Pearson, 191.

*J. Hay Brown,* with him *W. U. Hensel* and *J. W. Denlinger,* for appellee, cited Hysong v. Gallitzin Borough School District, 164 Pa. 629.

OPINION BY MR. JUSTICE FELL, July 15, 1897:

The bill in this case was filed to restrain the defendants, who are the members of a board of school directors, from permitting the use of the schoolhouses under their charge for sectarian religious meetings, and for the holding of public lyceums.   The only question presented is whether school directors may permit or authorize the use of school buildings for other than school purposes.   This question, in so far as it relates to their use for

religious meetings, is fully answered by the decision in Hysong v. School District of Gallitzin Borough, 164 Pa. 629. The use of school buildings by the community at large for public meetings for the discussion of subjects of general interest may be said to be in the line of their use for educational purposes, but it is not the use intended by law. The public school system is for the instruction of pupils who may attend the schools, and not for the instruction or entertainment of other persons. The school directors are trustees of the.school property for that use, and they may not against objection authorize or permit its use for other purposes. If the school buildings may be used for meetings for the convenience, pleasure or instruction of the general public, all other school property may with equal propriety be so used, and it would be but a step further to apply a part of the school funds to the same use. This view of the law does not forbid the use of the buildings for any purpose directly related to the instruction of the pupils of the schools, and it does not exclude their use for lectures or debates which are made a part of the course of instruction.

The decree is affirmed.