## Day et al., Appellants, *v.* Amwell Township School District.

*School law—Joint public high school—Discretion of directors—Act of May 18, 1911, section 1801, P. L. 309.*

1. The court will not interfere in matters committed to the discretion of school directors, unless it is made apparent that it is not discretion that is being exercised, but arbitrary will or caprice.

2. The action of a school board in entering into an agreement under the Act of May 18, 1911, section 1801, P. L. 309, to unite with adjacent school districts in the erection of a joint high school, will not be interfered with in the absence of evidence of any abuse of discretion.

Argued March 24, 1925. Appeal, No. 81, March T., 1925, by plaintiffs, from decree of C. P. Washington Co., at No. 3024, dismissing bill in equity, in case of James P. Day et al. v. School District of Amwell Twp. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction. Before CUMMINS, J.

The opinion of the Supreme Court states the facts.
Bill dismissed. Plaintiffs appealed.

*Error assigned* was, inter alia, decree, quoting record.

*Clyde W. Hufford,* with him *Harry F. Moore,* for appellant.

*R. W. Knox,* for appellee, was not heard.

PER CURIAM, April 13, 1925:

The bill in this case was filed by taxpayers of the
fourth-class school district of Amwell Township, Washington County, to restrain the directors of the district
from uniting with three other adjoining fourth-class
school districts in acquiring land and erecting and maintaining thereon a joint public high school. The lower
court sustained defendant's demurrer and dismissed the
bill. Plaintiffs appealed.

In substance the bill avers that the present township
high school quarters located in a rented private building, are adequate for the purpose; that the proposed
high school building is unnecessary and its location remote and not advantageous; that its establishment
"would be an unjust, unnecessary, unreasonable and excessive expenditure of the school funds of the said district of Amwell Township," and that the future high
school needs of the township can be furnished more
economically to the taxpayers and be more conveniently
situated for use of its high school pupils by selecting another and less expensive location. The school board
having the right under the School Code of 1911, P. L.
309 (section 1801) to unite with adjacent school districts
in establishing joint high schools, the presumption,
when such action is taken, is in favor of a proper exercise of discretion, and, as we said in Lamb v. Redding,
234 Pa. 481, "The burden of showing to the contrary,
when the action of a school board is challenged with re-

spect to matters committed to its discretion, is a heavy one; for the power of the courts in such cases is exceedingly limited, and they are permitted to interfere only when it is made apparent that it is not discretion that is being exercised but arbitrary will or caprice." And in the very late case of Hibbs et al. v. Arensberg et al., 276 Pa. 24-26: "Executive officers are clothed with the responsibility of originating and executing plans for the public good; the presumption is that their acts are on such considerations and their decisions reached in a legal way after investigation."

The averments in the bill substantially summarized above amount to nothing more than opinions and inferences, and fall far short of showing that the board was exercising an arbitrary will or caprice and not a reasonable discretion in uniting with the other adjacent school districts in agreeing to establish a joint high school.

Plaintiffs having failed to sustain the burden cast upon them, the decree of the lower court is affirmed. The costs of this appeal to be paid by appellants.