## Harris v. Philadelphia Board of Education et al.

*Edmund R. Finegan,* for plaintiff.

*Robert von Moschzisker* and *John Hampton Barnes,* for defendants.

KUN, J., November 19, 1934.—This case comes before the court on a case stated which has been filed on plaintiff taxpayer's suit to restrain the Board of Education of Philadelphia and the Zoölogical Society of Philadelphia from carrying out a contract between the board and the society, under which the board has agreed to expend a sum not exceeding $5,000 for the purchase of admissions for public school children in the Zoölogical Gardens in Philadelphia.

The limit of the proposed expenditure involves the purchase of 36,000 admissions, or at the rate of 13.88 cents for each admission, which is 1.12 of a cent less than the rate charged by the zoölogical society to the general public. Under the contract, the zoölogical society agrees to place all the advantages of the Zoölogical Gardens, including the use of their guides, at the disposal of the board of education.

The contract recites that the board of education has authorized it because it recognizes "the benefits to the pupils of the public schools to be derived from the educational advantages intended by the said Zoölogical Gardens, particularly in connection with the following subjects now being taught in said schools: Nature study, biology, general science, and art".

The case involves the question of the legal right of the board of education to use public funds for such an expenditure as called for by this contract. It was argued on behalf of the plaintiff that, since there is no statutory warrant or authority for the board to enter into such a contract, it must be restrained from carrying it out. It was argued on behalf of the defendant that the right to make such a contract is well within its implied powers. The powers of school directors are not limited to those affirmatively conferred on them by the School Code. They include such as are necessarily implied, or as expressed in Lehigh Coal & Navigation Co. v. Summit Hill School Dist. et al., 289 Pa. 75, 81, the directors possess "such powers as are expressly or by necessary implications given them". This is the rule with respect to public officials generally. "Where [public] officers are entrusted with general powers to accomplish a given purpose [here the education of public school pupils], they include as well all incidental powers or those that may fairly be deduced from the ends intended to be accomplished": Commonwealth, to use, v. Picard et al., 296 Pa. 120, 125.

Section 2222 of the School Code of May 18, 1911, P. L. 309, 24 PS §1992, provides: "The duties of the board of public education in districts of the first class, in addition to the duties prescribed in this act, shall be to define the general policies of the school system and to legislate upon all matters pertaining thereto, to determine and direct all expenditures for the maintenance and improvement of the school system".

It was made very clear in the recent case of Harris v. Board of Public Education of the School District of Philadelphia, 306 Pa. 546, 550, that "The purpose at the base of our common school laws is to provide all children . . . with a good common school education" and "in construing the school laws, therefore, that interpretation will be adopted which will be more likely to carry into effect this generous purpose." The court accordingly approved school classes at the county prison.

This seems to us to be a mandate to approve any action on the part of the board which may reasonably be included within the scope of an educational purpose. The purpose here, as stated by the board, is to afford the public school children the "educational advantages" of visiting the zoölogical gardens "particularly in connection with the following subjects now being taught in such schools: Nature study, biology, general science and art". It seems to us that, in connection with these studies, there is little doubt that the board could arrange for bringing into the schools from time to time exhibits of bird and animal life for the purpose of pointing out their habits and characteristics, and it would be quite proper to pay the cost thereof out of its funds. That instead, the board proposes to have the school children go out to the Zoölogical Gardens to observe the birds and animals in a more natural habitat only improves the value of the educational purpose of the plan. There certainly can be no legal difference between the two situations.

A strikingly similar question arose in In re Appeals from Audit, School District Hanover Township, 18 Luz. L. R. 419, which involved the right of the school board to send, once a year, pupils of its schools to the woods. The auditors had surcharged the school board with the amount expended for that purpose. The court, in setting aside the surcharge, said, that this annual excursion of the children into the woods gave them opportunity for "nature study . . . under the supervision of teachers" adding: "Only a narrow and too literal construction of the law would forbid such an expense within reasonable limits."

We might hold that the contract here involved is within the power of the board to make under the general authority conferred upon the board by section 2222 of the code; however, aside from that specific section, which refers exclusively to districts of the first class, it is our opinion that it is within the general powers of the board, recognized throughout the code, of conducting the schools as educational institutions, under the cases cited.

It may not be amiss to add that, when any action of the board of education is under attack before the courts, it is not always necessary for the board to point to a special section of the school law which authorizes specifically the particular thing that the board proposes to do or did, nor is it necessary on all occasions to justify an expenditure or a contract by any such means. So long as the act, expenditure, or contract in question is not forbidden either expressly or impliedly by the School Code, it is sufficient if the act, expenditure, or contract was done, made, or entered into for a purpose authorized either specifically or impliedly by the code: Hagan Lumber Co. v. Duryea School District, 277 Pa. 345, 349. In short, all that is necessary to be shown is that those in charge of the schools have statutory warrant for doing the sort of thing covered by the expenditure or contract in question; here, to purchase and contract in regard to the use of what the board has concluded deliberately to be a desirable educational facility, and which may be reasonably so considered. The matter here complained of involves the question of discretion to be exercised by the board, and with this the courts cannot interfere. As stated by Mr. Justice Simpson in Robb et al. v. Stone et al., 296 Pa. 482, 492, "When the contention is [simply] that the proposed action is unwise, no matter by what consensus of opinion this is shown, the law will refer it to mistaken judgment over which it has no supervision."

See also Gilfillan et al v. Fife, 266 Pa. 171, Lamb v. Redding, 234 Pa. 481, 484, 485, Roth v. Marshall et al., 158 Pa. 272, 274, and in particular, Hysong et al. v. Gallitzin Borough School District et al., 164 Pa. 629, 655, where the Supreme Court said that, where the complaint before it involved solely "the exercise of discretion by the school board in the performance of an official duty", such exercise of discretion, when it did not transgress the law, was "not reviewable by this or any other court."

The contemplated payments, now under attack, are for a reasonable and legitimate educational purpose, and as such are authorized by the code; hence, the school board has a legal right to enter into the contract before the court. The making of this contract was an administrative matter within the power and discretion of the school board. We think in this instance the discretion was exercised wisely.

### Order

And now, to wit, November 19, 1934, on consideration of the above case stated the bill is dismissed, and judgment is entered in favor of the defendants.