# Ristine et al. v. School District of Philadelphia

656

*Hirschwald, Goff & Rubin,* for plaintiffs.
*Robert von Moschzisker,* for defendant.

BROWN, JR., J., June 23, 1936.—This bill was filed on August 24, 1934, by the plaintiffs, George N. Ristine and Robert Rothstein, as taxpayers, praying that the defendant, the School District of Philadelphia, its servants, agents and employes be enjoined and restrained from operating or permitting or allowing to be conducted or operated any retail store or stores for the sale of merchandise, and from selling or offering for sale or causing or permitting or allowing to be offered for sale any article of merchandise, goods or wares in the public school buildings of the defendant.

The defendant filed answer to the bill on September 21, 1934, and on February 25, 1936, the plaintiff ordered the case for final hearing and disposition on bill and answer.

The case was accordingly heard on bill and answer on March 13, 1936, and, disregarding the facts averred in the bill properly denied by the answer and taking the averments of fact in the bill specifically admitted or not substantially denied by the answer and the averments of fact contained in the answer as true, the facts are found to be as follows:

*Findings of fact*

1. The plaintiffs, George N. Ristine and Robert Rothstein, are resident taxpayers of the School District of Philadelphia, Commonwealth of Pennsylvania.

2. The defendant, the School District of Philadelphia, is a body corporate created and existing under the School Code of May 18, 1911, P. L. 309, of the laws of the Commonwealth of Pennsylvania.

3. The defendant was created by the provisions of the School Code of May 18, 1911, P. L. 309, to establish, maintain and administer a public school system for the purpose of educating such children of the Commonwealth as,

because of residence, are entitled to attend the schools of its district.

4. In pursuance of the purposes aforesaid, the defendant is vested with title and is in exclusive possession of all public school properties and buildings in the School District of Philadelphia, which takes in the entire city of Philadelphia.

5. The defendant derives the major portion of its income from the taxpayers of the City of Philadelphia, a substantial sum, however, usually amounting to at least $2,500,000 annually, being appropriated to it from the treasury of the State of Pennsylvania.

6. The public school system so established is administered by a board of school directors known and designated as "The Board of Public Education" duly appointed under the School Code of May 18, 1911, P. L. 309, who are vested with authority to act on behalf of the defendant.

7. The plaintiffs are engaged in the business of selling merchandise at retail, including, inter alia, items of merchandise used by children of school age, and their places of business are located in the immediate vicinity of public school buildings in the School District of Philadelphia, which are owned and supervised by the defendant.

8. In 10 of the 14 senior high school buildings, in 4 of the 23 junior high school buildings and in one of the three vocational school buildings maintained by the defendant, stores are being operated for the sale of merchandise at retail. The names of these schools are set forth in paragraph 8 of the answer and are incorporated herein by reference thereto.

9. Formerly various kinds of articles and merchandise, (as enumerated in paragraph 8 of the bill), were carried for sale in certain of such stores, but, under resolution of the defendant's Board of Public Education adopted on July 10, 1934, the stores were and are restricted to the sale of articles and merchandise which especially pertain to schools and such athletic activities of the pupils as are permitted by school regulations, such as educational books, stationery and drawing material, class and school ban-

ners, pennants, flags and emblems, locks for lockers, uniform gymnasium suits, and material for use in school sports and games approved by the division of physical education. A true and correct copy of this resolution is Exhibit A of the bill and is incorporated herein by reference thereto.

10. The stocks of merchandise carried by such stores are placed in rooms in public school buildings provided for that purpose by the defendant, but such rooms are not immediately required for general school purposes.

11. The merchandise so held for sale is sold to the children attending school at a price above cost, but all of the stores do not at all times show a profit at the end of each current year.

12. The stores for the sale of merchandise at retail are being operated in the public school buildings named in paragraph 8 of the answer, with the knowledge, consent and approval of the defendant's board of public education, by student organizations under faculty supervision in accordance with its resolution of July 10, 1934.

13. The school stores are administered as coöperative student enterprises, in which the pupils, as organized in their respective student associations, gain the benefits of wholesale group buying and devote the profits to the support of school and athletic activities that are approved by the faculty committee. At the outset of each school term the student association takes over the equities and obligations of the association store. All purchases are made and all prices are determined under the supervision of the faculty committee. When profits are available the executive council of the student association votes on appropriations for any worthy purpose, but all such appropriations must be approved by the faculty committee and by the principal of the school. Financial reports on the condition of the store are supplied to the principal by the person in charge of the store at stated intervals.

14. The operation of these school stores is supervised in some instances by teachers and in other instances by

other employes of the defendant. The manner and extent of such supervision by teachers and other employes of the defendant are set forth in paragraph 11 of the answer, and this schedule is incorporated herein by reference thereto.

15. The stores operated in public school buildings pay no rent, do not pay for heat or light, pay no taxes, and do not carry mercantile licenses, but, although many of the stores are conducted by the students without paid assistants, salaries are paid to attendants in the stores in five of the senior high school buildings. The names of these schools with the amounts paid to attendants at each one are set forth in paragraph 12 of the answer and incorporated herein by reference thereto.

16. The plaintiffs, in the operation of retail stores, sell merchandise similar in character and nature to that sold in the stores conducted on the property of the defendant, but these school stores do not sell merchandise at prices below that charged by plaintiffs and other merchants engaged in similar businesses.

17. The stores conducted on the property of the defendant divert from the plaintiffs' customers, trade and business which would otherwise inure to the plaintiffs' benefit.

18. The plaintiffs have protested to the defendant of the use of the public school building by these stores, but the defendant has not heeded such protests to the extent of causing the discontinuance of the stores. The defendant did, however, following the plaintiffs' first protest, adopt the resolution of July 10, 1934, governing the conduct of the school stores, which were allowed to continue and have been conducted only on a coöperative and accommodation basis by and for the students in accordance with that resolution.

### Discussion

It is the plaintiffs' contention (as stated in paragraph 14 of the bill) that "the use of public school buildings for the sale of merchandise at retail is in direct violation of the act of assembly of the Commonwealth of Pennsylva-

nia, which provides that the use of public school buildings shall be restricted to educational, social and recreational purposes". The act to which they refer is the Act of May 18, 1911, P. L. 309, known as the School Code. But it contains no provision expressly forbidding the operation of retail stores by student organizations in buildings of the schools.

Section 627 of that act, as amended by the Acts of May 20, 1921, P. L. 958, and of March 31, 1927, P. L. 87, 24 PS §773, limits the uses to which school buildings may be put, providing, inter alia, that:

"The board of school directors of any district may permit the use of its school . . . buildings for social, recreation, and other proper purposes, under such rules and regulations as the board may adopt".

Applying "the familiar rule of statutory construction, that, where specific expressions are followed by those which are general, the latter will be confined to things of the same class as the former": Burns v. Coyne et ux., 294 Pa. 512, 516; "other proper purposes" means purposes of the same generic character as social and recreational. These words indicate purposes which will bring together individuals for play, for companionship in mutual undertakings, and for training and coöperation in their relationships with others.

It is to be noted, however, that the word "educational" was not used. A fair inference to be drawn from its omission, considering that the act sets up a public school system, in which education is the primary object, is that school buildings may be used for purposes other than the instruction or training of pupils by prescribed or customary courses of study. That broader and more general purposes were contemplated is indicated by the provision in the same section of the act that:

". . . any board of school directors may make such arrangements as it may see proper with any officials or individuals for the temporary use of school property for schools, playgrounds, social, recreation, or other proper educational purposes, primaries and elections.

Although this is not applicable, or, as stated by the plaintiffs in their brief, is "irrelevant" to the facts of the present case, having to do with arrangements made with others for the temporary use of school property, it shows that the legislative intent was not to limit the use of school buildings by a board of school directors to strictly "educational" purposes insofar as the use thereof by those directly connected with the public schools is concerned.

The operation of stores in school buildings by the students on a coöperative and accommodation basis, dealing only in articles which especially pertain to schools and such athletic activities of the pupils as are permitted by school regulations, is clearly a proper purpose within the meaning of the act. The stores develop the social side of school life by bringing the students together for a common purpose and develop in them a sense of responsibility in an undertaking which is for their mutual benefit. The articles which they sell, such as school and class emblems and pennants, foster school and class spirit which is a vital factor in the proper development of children. As athletics play a most important part in their training, teaching them lessons which they do not learn in the classroom, such as the actual application of instruction which they receive in competition with others, the sale of uniform gymnasium suits and similar equipment, which lead to pride and support of school and class teams and activities, develops loyalty to the class, to the school and to fellow students. Not only the sale of the particular kinds of articles now being sold, for we are not concerned with those formerly offered for sale, but also the conduct and management of the stores by the students themselves train them in human intercourse, in their relations to one another and with the group of which they are members, and so prepare them for life after their school days are over. The school stores thus serve a "social" purpose, for which defendant's board "may permit the use of its school . . . buildings".

The other sections of the School Code of May 18, 1911, P. L. 309, as amended, to which the plaintiffs refer, have no application to the situation presented by the facts of this case. These sections relate to the powers and duties of the boards of school directors as such. Section 401, (24 PS §331), has to do with their establishing, equipping, furnishing and maintaining public schools and departments for the education and recreation of persons residing in their districts, and section 402 (24 PS §332) vests them with authority to levy and collect taxes for such purposes. It is obvious that such activities are those of the boards themselves, and that moneys of taxpayers are to be utilized therefor. On the other hand, the school stores are not being conducted with defendant's funds and are being operated by the students. The plaintiffs' contention that section 8 of the Act of May 29, 1931, P. L. 243, amending section 401 of the Act of 1911, which empowers school boards to operate cafeterias, indicates that the legislature never intended to grant to the school districts the right to permit the conducts of stores for the sale of merchandise on school properties, overlooks the provisions of the act that the cafeterias are to be operated by the school boards themselves and that the cost thereof is to be charged against the funds of their districts. The school stores, however, are being operated by students in the various schools, not by the defendant's board, and the cost thereof is not charged against defendant's funds, but assumed by the student organizations. Funds raised by taxation are, therefore, not being diverted for private purposes.

The decisions in Hysong et al. v. Gallitzin Borough School Dist. et al., 164 Pa. 629, and Bender v. Streabich et al., etc., 182 Pa. 251, upon which the plaintiffs rely, are not controlling. These cases were decided some years before the Act of May 18, 1911, P. L. 309, and what was therein stated by the court, to which the plaintiffs refer, must necessarily be considered in the light of the later

act of assembly, which was a codification of the law pertaining to public schools and extended and defined the powers of school districts and their boards of directors.

Although school "districts possess only such powers as are expressly or by necessary implications given them": Lehigh Coal & Navigation Co. v. Summit Hill School Dist. et al., 289 Pa. 75, 81; Mulligan v. School Dist., 241 Pa. 204, 207; the power which the defendant's board is exercising in permitting students to operate stores in its school buildings is within those granted by section 627 of the School Code of May 18, 1911, P. L. 309.

There is no doubt that defendant's board may regulate the school stores. Section 627 provides that the use of school buildings is to be "under such rules and regulations as the board may adopt", and Section 405 (24 PS §339) states that it "shall . . . prescribe, adopt, and enforce such reasonable rules and regulations as it may deem proper . . . regarding the organization, management, supervision, control, or prohibition . . . of organizations . . . of the members of any class or school". In prescribing that the stores are to be operated "under faculty supervision", the board maintains control over the management thereof by the students. The wisdom of this is obvious, and that the time of some of its employes is so devoted is well within the board's discretion.

Defendant's board has exercised its judgment in a matter incidental to the performance of duties delegated to it by law. Presumably its determination to permit the operation of school stores in competition with taxpayers was based upon considerations of public welfare and reached by the exercise of intelligent judgment in connection therewith, and, in the absence of facts showing that it was influenced by other considerations than the public interests, or that it abused its power, the court cannot interfere, because, with respect to matters committed to the discretion of a school board, "the power of the courts . . . is exceedingly limited, and they are permitted to interfere only where it is made apparent

that it is not discretion that is being exercised but arbitrary will or caprice. . . . When the contention is that the . . . action is unwise, no matter by what consensus of opinion this is shown, the law will refer it to mistaken judgment over which it has no supervision": Lamb v. Redding, 234 Pa. 481, 484; Robb et al. v. Stone et al., etc., 296 Pa. 482, 492. See also Roth v. Marshall et al., 158 Pa. 272, 274; Hysong et al. v. Gallitzin Borough School Dist. et al., 164 Pa. 629, 655; Gilfillan et al. v. Fife, 266 Pa. 171, 175.

## Conclusions of law

1. The defendant's board of school directors, known and designated as "The Board of Public Education", may permit 'the use of its school buildings for social, recreational and other proper purposes under such rules and regulations as the board may adopt.

2. The use of school buildings for the operation of school stores by the students on a coöperative and accommodation basis, dealing only in articles which especially pertain to schools and such athletic activities of the pupils as are permitted by school regulations, is a social and proper purpose and may be permitted by the defendant's board of public education under the powers expressly or by necessary implications given it.

3. The defendant's board of public education may prescribe, adopt and enforce rules and regulations regarding the organization, management, supervision and control of the school stores conducted by the students, and may designate its employes to supervise the operation thereof by the students.

4. Under the facts found, the defendant's board of public education has not gone beyond the fair exercise of the discretion committed to it by the Act of May 18, 1911, P. L. 309, as amended, in permitting the use of school buildings for the operation of school stores by the students under faculty suspension.

5. The court cannot, therefore, interfere with the action of the defendant's board of public education in permitting the operation of the school stores by the students in its school buildings.

6. The bill should be dismissed.

### Decree nisi

And now, to wit, June 23, 1936, upon consideration of the foregoing cause, it is ordered, adjudged and decreed that the bill be and it is hereby dismissed.