## Heston et al. v. Saul et al.

*Rebecca Davidow Boonin,* for plaintiffs.

*Sidney L. Wickenhaver, C. Brewster Rhoads, Edward Soken* and *Vincent P. McDevitt,* for defendants.

KUN, J., October 27, 1949.—Plaintiffs, taxpayers, filed the bill in this case against the Board of Education of Philadelphia, and against John McShain, Inc., contractor, as a subsidiary defendant, to restrain them from designating and marking a new high school building at Rowland and Ryan Avenues, in the City of Philadelphia, as the "Abraham Lincoln High School". The bill alleges that the location of the high school is in a section of Philadelphia known as "Mayfair". There is, however, no such political entity, the boundaries thereof are indefinable, and there is no allegation that the school is to be restricted to pupils from any such area.

The bill stresses that the name "Mayfair" has become a "complete, efficient shopping center to many persons" and this has become valuable to plaintiffs as merchants and taxpayers, and property values would be enhanced if complete educational facilities located in this section were identified with it by the name

"Mayfair". On these and other similar grounds, and the allegation that a very large proportion of the population of the section referred to prefer the name "Mayfair" for the new high school, the contention is made that the board of education has abused its discretion in naming it the "Abraham Lincoln High School".

Defendants have filed preliminary objections to the bill on the ground that no equitable cause of action is shown.

Much as plaintiffs and many other residents of the Mayfair section are to be admired for their strong sense of local pride, they show an utterly untenable concept of the purpose of a public educational system. Such a system is not intended to promote the business or economic interests of any locality. Its sole purpose is to provide adequate and the most efficient educational opportunities for children under the best possible circumstances and with the best possible facilities. In a democracy such as ours, with the many facets of its governmental and public functions, there must of necessity be a great distribution of authority. That relating to education is imposed by the School Code of May 18, 1911, P. L. 309, on boards of school directors in school districts throughout the State. In Philadelphia it is administered by the board of public education. Section 2222 of the code provides as follows:

"Section 2222. The duties of The Board of Public Education in districts of the first class, in addition to the duties prescribed in this Act, shall be to define the general policies of the school system and to legislate upon all matters pertaining thereto, to determine and direct all expenditures for the maintenance and improvement of the school system, to appoint the officers herein prescribed and define their duties, to appoint teachers, and in general to legislate upon all matters

concerning the conduct of the schools subject to the provisions of the Act."

The duty, responsibility and discretion vested in the board is broad and all inclusive in all matters relating to public education. It is obvious that this includes the right to name a school which it has the authority to build.

In Roth v. Marshall et al., 158 Pa. 272, the taxpayer sought to enjoin the directors of the school district from moving the site of a school house. The trial court refused the injunction, and this was affirmed on appeal. The court said, at page 273:

"Reduced to its simplest terms the question raised is whether the exercise of official discretion of a board of school directors shall be supervised and directed by a court of equity. If so, the selection of teachers and text books, the fixing of the rate for the levy of school and building taxes, the arrangement of the course of study, together with other similar duties, will be hereafter done subject to the opinion of the courts. The administration of the school laws will in that case depend on the discretion of a chancellor, whose decrees will be enforced by injunction or mandatory order. Such a conclusion would do violence to the school laws, and to the well settled rules that fix the limits of official discretion."

In Day et al. v. Amwell Township School District, 283 Pa. 248, the taxpayer sought to enjoin a school board from uniting with adjacent school districts in the erection of a joint high school. There also, as in the case before us, the question of local pride was involved. The court held that this was a matter entirely within the discretion of the school directors, and the injunction was refused.

The same principle was applied in the recent case of Regan et al. v. Stoddard et al., 361 Pa. 469, where it was sought to interfere with the administration of

the schools in the selection of courses of study and the system of promotion of pupils. The court, in refusing the injunction, aptly put by the court below and reiterated by the Supreme Court, stated that the courts are not "super boards of directors, with superior knowledge of the administration, business, finance or the science of pedagogics".

This is not to say that an appeal to the courts may not be properly taken. But, as pointed out in Lamb v. Redding, 234 Pa. 481, judicial interference must be confined to those cases where it is "apparent that it is not discretion that is being exercised but arbitrary will or caprice". That was a case of proposed, palpably improper expenditure of public funds. This is not such a case. It is quite clear that under the School Code the determination of the necessity, the location, the size and style of the school buildings and its name, are matters entirely within the sound discretion of the board of education. There is nothing alleged in the bill filed in this case upon the basis of which a finding could be made that the board of education has abused its discretion in naming the school involved here.

We prefer to dispose of the matter before us on the substantive grounds we have stated. However, we add, as was noted in the Regan case, that plaintiffs made no showing of an actual or threatened pecuniary loss, which is a prerequisite for supporting a taxpayer's bill. The court below stated (p. 474) :

"We cannot comprehend how the plaintiffs will suffer pecuniary loss based upon the continuation of an educational policy or philosophy with which they are not in agreement."

Similarly here it is incomprehensible how plaintiffs will suffer pecuniary loss because the new high school is named the "Abraham Lincoln High School" instead of "Mayfair High School" as they would prefer to have it.

Of course, the bill as to defendant John McShain, Inc., would be maintainable only if maintainable against the board of education, since the contractor is under written contract with the board to erect the high school and to place such name thereon as the board by contract directs. As plaintiffs have no basis for maintaining their bill against the board of education, it follows that they cannot maintain it against the contractor.

The preliminary objections filed by defendants are sustained, and the bill is dismissed as to all defendants.