## Bassler v. Firemen's Pension Fund Board of Managers

*B. Todd Maguire*, for plaintiff.

*Herbert L. Winkler*, for defendant.

SCHIFFMAN, J. February 3, 1967.—Before the court for determination is plaintiff's demurrer to defendant's answer and new matter.

This is an action in mandamus by Willis Bassler, plaintiff, a retired fireman who formerly was a paid fireman in the City of Wilkes-Barre, Pa. The action was initiated by plaintiff to compel defendant pension board to reinstate his pension, which they had terminated.

The complaint alleges that plaintiff, on May 19, 1965, being then 63 years of age and having been employed as a fireman by the City of Wilkes-Barre for approximately 33 years, retired for reasons of disability. He thereafter made application for the payment of his pension. The request was granted, and plaintiff was paid his pension from May 20, 1965, to November 1, 1965, when it was terminated. It is alleged such termination was without notice or hearing.

Defendant's answer and new matter admit plaintiff's averments except insofar as they relate to failure to give notice. Defendant contends the termination of pension payments was effected after notice that the pension would be terminated pursuant to the rules and regulations of the pension fund.

Under the heading of new matter, defendant further alleges that it has adopted regulations for the payment of pensions to its members. One of such regulations is that when a member has been incapacitated by disease contracted in the line of duty, he may be pensioned regardless of length of service. However, the pension amount to be received is to be reduced by any amount received by the pensioner from workmen's compensation or similar statutory benefits.

It is further alleged by defendant that on June 24, 1965, plaintiff was awarded compensation under the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, for total disability. It is averred such

compensation amount exceeded plaintiff's payment from the pension fund, and that such pension payment was terminated pursuant to the rules and regulations of said fund.

The new matter set forth by defendant contains allegations with regard to the rules and regulations promulgated by the pension board. It incorporates by reference and includes a copy of these rules and regulations. They provide, inter alia, that every uniformed employe of the fire department who shall attain the age of 55 years and shall have served continuously for a period of 25 years shall be entitled to be honorably discharged and retired at his own request on a pension. This provision conditions this right to the extent that such retiring employe shall remain in the fireman's reserve and from time to time be called upon to serve until finally discharged by reason of age or disability.

The factual averments as to the validity and efficacy of these rules and regulations, as well as all facts properly pleaded by defendant, are admitted by plaintiff's demurrer. See Eden Roc Country Club v. Mullhauser, 416 Pa. 61.

Our review of the matter requires the disposition only of plaintiff's first preliminary objection, which raises the question of whether or not the limitations contained in the rules and regulations adopted by the Board of Managers of the Wilkes-Barre City Firemen's Pension Fund are applicable to the within plaintiff.

Clearly, on the basis of the admitted facts, plaintiff Willis Bassler met the requirements set out above at the time of his retirement. No limitation with regard to receipt of funds from other sources, as a result of disability or otherwise, appears in this provision. Such limitations apply only to retirement by reason of disability alone without regard to age or length

of service. Our consideration might be thus resolved, except for an additional factor which we are constrained to consider.

Plaintiff, in his complaint, pleaded that the City of Wilkes-Barre, in conformity with pertinent statutory provisions, by ordinance, created a board of managers endowed with the legislative right to provide rules and regulations for the management of the pension fund. Attached to and incorporated in said complaint is a copy of the enabling ordinance adopted by the City of Wilkes-Barre.

The ordinance itself provides that in order to be eligible for a pension, a fireman must have been in the employ of the fire department continuously for a period of not less than 30 years and have attained a minimum age of not less than 65 years.

If these ordinance criteria are applicable, then plaintiff was not eligible to voluntarily retire, and the restrictions placed upon him by virtue of the rules and regulations pertaining to retirement by reason of disability would be applicable.

Our decision as to which provision is applicable to plaintiff necessarily requires our determination of the respective validity of the patently conflicting provisions of the ordinance and the rules and regulations adopted by the board.

The enabling legislation under which the within pension fund was established can be found in the Act of June 23, 1931, P. L. 932, sec. 4320, as amended, et seq., 53 PS §39320, et seq. Although the act was subsequently amended in 1947 and on other dates, the applicable amendments at the time of the adoption of the ordinance in question are of August 14, 1959, P. L. 704, sec. 1, 53 PS §39320, and July 27, 1959, P. L. 569, sec. 3, 53 PS §39321.

These applicable amendments provide, inter alia, that ". . . cities shall provide annuity contracts or

*establish, by ordinance,* a firemen's pension fund . . . ."
Wilkes-Barre City, in the instant matter, has established a firemen's pension fund by ordinance. In such situation, the applicable statute further provides that "All pension funds established under the provisions of this section *shall* be under the direction and control of a *board of managers* . . . ." The statute then dictates who shall make up the board of managers. It further provides that "The fund shall be applied under such regulations as the *board of managers* shall prescribe, for the benefit of such members of the fire department as shall receive honorable discharge therefrom by reason of service or age or disability . . . ." (Italics supplied.)

In addition, 53 PS §39321 sets forth that "Such regulations [referring to those adopted by the board of managers] shall prescribe a minimum period of continuous service, not less than twenty-five years and a minimum age not less than fifty-five years, after which members of the department may be retired or elect to be retired on pension from active duty . . . ."

A reading of these two sections reveals the legislative contemplation. The board of managers was empowered to provide the manner of regulation of the fund, particularly with regard to the essential prerequisites for retirement on the basis of age and length of service.

This conclusion is strengthened by the fact that 53 PS §39320 provides for representation by the membership of the fire department on the board of managers, as well as representatives of the establishing city. The statutory requirement giving fire department representatives a voice in the enactment of rules and regulations is not consonant with a conclusion that the regulatory provisions for the management of the fund could be provided by ordinance.

It is apparent that it was not the intention of the

legislature to permit the city to do more than adopt the ordinance establishing the fund. The powers relating to its management were clearly delegated to its board of managers.

This conclusion is further dictated by a consideration of the legislative history of the statute presently before us. The act dealing with firemen's pension funds as originally adopted provided that cities might establish such funds by ordinance and that the fund should be directed by council or such officers of the city as council might designate: Act of June 23, 1931, P. L. 932, sec. 4320.

The amendment of June 28, 1947, P. L. 1032, sec. 1, provided the pension fund shall be under the direction and control of a board of managers. Designated therein was the makeup of such board, which shall provide the rules and regulations for the management of the fund.

It thus appears the enabling legislation, consciously and intentionally, removed the management of the fund from the exclusive control of the city establishing the fund. Support for this conclusion is indicated in the case of Ackerman v. City of Williamsport, 11 D. & C. 2d 421.

We find no merit in defendant's contention that the aforesaid statutory provisions would amount to an unconstitutional delegation of power. The test to be applied to determine whether or not there has been an unconstitutional delegation of power was stated by Justice Agnew in Locke's Appeal, 72 Pa. 491: "The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend". This principle was affirmed in the more recent case of Nester Appeal, 187 Pa. Superior Ct. 313.

While the legislature cannot delegate the power to

make a law, it may, where necessary, confer authority and discretion in connection with the execution of the law; it may establish primary standards and impose upon others the duty to carry out the declared legislative policy in accordance with the general provisions of the act: Chartiers Valley Joint Schools v. Allegheny County Board of School Directors, 418 Pa. 520, 529.

The legislation must contain adequate standards which will guide and restrain the exercise of the delegated administrative functions: Archbishop O'Hara's Appeal, 389 Pa. 35. A mere reading of the statute here pertinently involved indicates adequate rules and guidelines have been set out to direct the board in its actions.

We, therefore, conclude that the City of Wilkes-Barre had no right to control by ordinance the age and length of service requisite to plaintiff's retirement.

The rules and regulations adopted by the board of managers are applicable to the instant matter. They render plaintiff Willis Bassler eligible for voluntary retirement without reference to disability.*

It, therefore, appears from all the admitted facts presently before us that plaintiff's pension should be restored.

Accordingly, we enter the following

ORDER

The preliminary objections of plaintiff, Willis Bassler, to defendant's answer and new matter are sustained insofar as said answer and new matter relate to the termination of plaintiff's pension by reason of his receiving compensation under the Occupational Disease Act. It having been determined, therefore,

---

* The effect of his disability would only pertain to the firemen's reserve in which the statute, rules and regulations require him to remain until unable to serve in an emergency capacity by reason of age or disability.

that plaintiff's pension cannot be terminated or reduced by the amount received, it is hereby directed and decreed that the pension of said Willis Bassler be restored as of November 1, 1965, together with interest on all deferred payments.