Leroy S. Frederick, Charles J. Miller, J. Walter Harmon, Peter L. Scouteguazza, Arthur Taylor, C. Leo Burgess, Anthony Graham, Katheryn Price and all others similarly situated, Appellants *v.* The City of Butler, Appellee.

Argued May 6, 1977, before Judges KRAMER, MEN-CER and ROGERS, sitting as a panel of three.

*Lee C. McCandless,* with him *McCandless, Krizner & Kemper,* for appellants.

*Martin J. O'Brien,* for appellee.

OPINION BY JUDGE MENCER, June 22, 1977:

Certain retired policemen of the City of Butler and the widow of a pensioned policeman filed an action in equity in the Court of Common Pleas of Butler County, seeking a reformation of the pension agreement between the City of Butler and retired policemen and also for specific performance of the agreement, to the end that all retired policemen receive increase of allowances from the police pension fund, as permitted by Section 4303.1 of The Third Class City Code,[1] which reads as follows:

> Any city may, at any time, at its discretion, upon the recommendation of the persons having custody and management of the police pension fund, increase the allowances of persons receiving allowances of any kind from the police pension fund by reason of and after the termination of the services of any member of said fund. Such increases shall be in conformity with a uniform scale, which may be based on the cost of living, but the total of any such allowances shall not at any time exceed one-half of the current salary being paid patrolmen of the highest pay grade.

---

[1] Act of June 23, 1931, P.L. 932, *added* by the Act of May 13, 1957, P.L. 134, §1, *as amended,* 53 P.S. §39303.1.

The City of Butler responded to the complaint in equity by filing preliminary objections under the following five separate headings:

1. Jurisdiction Over the Subject Matter
2. Motion for More Specific Pleading
3. Demurrer
4. Nonjoinder of Necessary Parties
5. Laches

The court below entered a decree nisi dismissing the complaint in equity on the basis that the equity court does not have jurisdiction to reform a city ordinance. The plaintiffs filed exceptions to the decree nisi which were dismissed by the court below and the instant appeal was filed in this Court.

It is contended here that we should reverse the order of the lower court and remand, for the reason that the court below was in error in concluding that, sitting in equity, it did not have subject-matter jurisdiction in this case. When examining this contention we should be mindful of the following excerpts from the case of *West Homestead Borough School District v. Allegheny County Board of School Directors,* 440 Pa. 113, 117-18, 269 A.2d 904, 906-07 (1970):

> Preliminarily we should repeat that there is technically no such thing as 'equity jurisdiction,' even though that phrase has been loosely used in opinions of this Court in the past. We have no separate court of equity; the Court of Common Pleas provides both legal and equitable remedies. For administrative purposes, there may be two 'sides' to the Court, but they are both part of the same Court. If, for example, the plaintiff erroneously chooses the 'equity side' instead of the 'law side,' Civil Procedure Rule 1509(c) requires the Court to transfer the action to the 'law side' of the Court.

No question of 'jurisdiction' is involved. 'Equity' and 'law' are merely forms of action, which are used in the same Common Pleas Court.

. . . .

For more than 150 years, it has been the rule in Pennsylvania that: 'In all cases where a remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued, and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect.' Act of 1806, March 21, P.L. 58, 4 Sm. L. 326, §13; 46 P.S. §156. See Calabrese v. Collier Twp. Mun. Auth., 430 Pa. 289, 294-95, 240 A.2d 544, 547 (1968).

This statute says in unambiguous language that, if the legislature provides a specific, *exclusive*, constitutionally adequate method for the disposition of a particular kind of dispute, no action may be brought in any 'side' of the Common Pleas to adjudicate the dispute by any kind of 'common law' form of action other than the exclusive statutory method. This excludes an action for injunction, or other equitable form of relief, unless the statute provides for it or unless there is some irreparable harm that will follow if the statutory procedure is followed. (Footnote omitted.) (Emphasis in original.)

In the case at bar, the City attacks what it deems to be the jurisdiction of the court of equity over the subject matter of this action. The test of jurisdiction

is whether the court has power to enter upon the inquiry. *Seligsohn Appeal*, 410 Pa. 270, 189 A.2d 746 (1963). In *Studio Theaters, Inc. v. Washington*, 418 Pa. 73, 77, 209 A.2d 802, 804-05 (1965), our Supreme Court said:

> 'In Zerbe Township School District v. Thomas, 353 Pa. 162, 44 A.2d 566, we stated principles which are here applicable, namely that even though a plaintiff have no standing to bring his action, even though his complaint be demurrable, even though he fail to establish its allegations, even though the court should finally conclude that the relief he seeks should not be granted, not any or all of these circumstances would enter into, much less determine, the question whether the court had jurisdiction of the litigation. We there pointed out that the test of jurisdiction was the competency of the court to determine controversies of *the general class* to which the case presented for its consideration belonged,—whether the court had power to *enter upon the inquiry*, not whether it might ultimately decide that it was unable to grant the relief sought *in the particular case.* . . .' (Emphasis in original.)

Did the Court of Common Pleas of Butler County have the power to enter upon an inquiry of whether or not the agreement between the City of Butler and its retired policemen should be reformed to provide the plaintiffs with additional pension benefits? The reformation sought is founded upon three theories: (1) a constitutional right to equality of treatment, (2) contract principles, and (3) an abuse of discretion by the council of the City of Butler in not increasing police pension allowances. As a public body, the council of the City of Butler stands in a fiduciary

relationship to the public and to taxpayers, and its conduct must always be guided by the rule of good faith, fidelity, and integrity. *See Heilig Bros. Co. v. Kohler*, 366 Pa. 72, 76 A.2d 613 (1950). We conclude that courts have the power to inquire into, and therefore have jurisdiction in, those instances where governmental bodies are alleged to have exercised their discretion in bad faith or to have arbitrarily refused to exercise discretion given to them by the Legislature.

However, we hasten to repeat what we stated in *Haddington Leadership Organization, Inc. v. Sherman*, 8 Pa. Commonwealth Ct. 309, 315, 302 A.2d 919, 922 (1973):

> We accept the standard of judicial review pronounced in Blumenschein v. Pittsburgh Housing Authority [379 Pa. 566, 573, 109 A.2d 331, 335 (1954)] that 'courts will not review the actions of governmental bodies or administrative tribunals involving acts of discretion, in the absence of bad faith, fraud, capricious action or abuse of power; they will not inquire into the wisdom of such actions or into the details of the manner adopted to carry them into execution. It is true that the mere possession of discretionary power by an administrative body does not make it wholly immune from judicial review, but the scope of that review is limited to the determination of whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions. That the court might have a different opinion or judgment in regard to the action of the agency is not a sufficient ground for interference; *judicial* discretion may not be substituted for *administrative* discretion.' (Emphasis in original.)

However, this is the standard of judicial review and not the test of determining jurisdiction. We are of the view that the court below should have concluded that it did have jurisdiction and the power to enter upon the inquiry and should have been guided by *Christian v. Johnstown Police Pension Fund Ass'n*, 421 Pa. 240, 218 A.2d 746 (1966). In *Christian*, it was held that relief in equity must be limited to the specific relief prayed for in the complaint and that, where additional pension benefits are payable to retired policemen, the policemen's proper remedy is an action of mandamus to compel the performance by a public body of its duty to provide such additional benefits or in assumpsit to recover money owing. Therefore, we must vacate the decree in this action and remand the case with directions that it be referred to the law side of the court for determination in an action of mandamus or assumpsit, in accordance with the views herein expressed.[2]

Decree vacated and case remanded.

### ORDER

Now, this 22nd day of June, 1977, the decree of the Court of Common Pleas of Butler County, dismissing the complaint in equity filed by the plaintiffs in the above captioned case, is hereby vacated, and the case is remanded to that Court with directions that it be referred to the law side of the Court for determination in an action of mandamus or assumpsit and any further proceeding not inconsistent with the opinion filed herewith.

---

[2] Our decision today should not suggest that plaintiffs have pled or could plead a good cause of action but merely that the Court of Common Pleas of Butler County has jurisdiction over the subject matter. *See Erie Firefighters Local No. 293 v. Gardner*, 26 Pa. D. & C. 2d 327, *aff'd per curiam*, 406 Pa. 395, 178 A.2d 691 (1962).