Board of Commissioners of Potter County et al., Appellants *v.* Claude O. Turner and Mabel S. Turner, husband and wife et al., Appellees.

Board of Commissioners of Potter County et al., Appellants *v.* J. Boyd Jestes and Velma Jestes, husband and wife et al., Appellees.

640

Argued December 7, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*D. Bruce Cahilly,* Solicitor, for appellants.

*John B. Leete,* for appellees.

OPINION BY JUDGE MENCER, February 23, 1978:

The Board of Commissioners of Potter County, the Potter County Board of Assessment Appeals, and the Chief Assessor of Potter County (defendants) appeal from orders of the Court of Common Pleas of Potter County denying petitions to open peremptory judgments entered against them in two actions in mandamus. The plaintiffs in both cases, which were consolidated for argument before this Court, are Potter County taxpayers. This litigation arises from the alleged failure of the defendants to comply with the time schedule for reassessing property values set forth in The Fourth to Eighth Class County Assessment Law (Act).[1] We hold that the allegations made in the

---

[1] Act of May 21, 1943, P.L. 571, *as amended,* 72 P.S. §5453.101 et seq. Plaintiffs contend that the dates set forth in Sections 701 (a) and 702 of the Act, 72 P.S. §§5453.701(a), .702, are applicable to the Potter County reassessment program. These sections establish the following deadlines: By August 1, the Chief Assessor is to submit to the Board of Assessment Appeals (Board) the annual assessment roll; by August 20, the Board is to mail or deliver notices to those taxpayers whose assessments have been changed, which notices are to include information concerning the statutory right to appeal such a change; by September 1, all appeals must be filed; and by October 1, the Board must decide all appeals. The plaintiffs further contend that these deadlines are mandatory by virtue of Section 107 of the Act, added by Section 1 of the Act of December 14, 1967, P.L. 830, 72 P.S. §5453.107. The defendants argue, however, that the above schedule is not applicable to countywide reassessment programs and that the more flexible schedule

complaints in these two matters do not establish causes of action in mandamus, and we therefore reverse the orders of the lower court.

In February 1975, the Board of Commissioners of Potter County entered into a contract with Commonwealth Appraisals, Inc., for the countywide reassessment of property values. The contract specified a completion date of August 1, 1976. However, the reassessments were not in fact completed until October 1976. Taxpayers were advised of the reassessments through notices mailed on or about October 20, 1976. However, these notices did not specify when the reassessed values were to be implemented for purposes of taxation.

On December 23, 1976, the first complaint in mandamus was filed on behalf of six named Potter County taxpayers. The complaint alleged a failure to comply with the time schedule established by the Act but made no allegation concerning when the reassessed values were to be implemented. The complaint requested that the defendants be compelled to fully comply with the statutory time deadlines relative to the implementation of new assessments. Peremptory judgment was entered against the defendants granting the relief requested, and defendants' petition to open judgment was subsequently denied by the Court of Common Pleas sitting en banc.

The second complaint in mandamus was filed as a class action on March 4, 1977 on behalf of certain named taxpayers and all other taxpayers similarly situated. It alleged similar facts and sought similar relief. Peremptory judgment was entered in favor

---

established by Section 702.1 of the Act, added by Section 1 of the Act of March 26, 1957, P.L. 22, 72 P.S. §5453.702a, is instead applicable. We will assume, without deciding, that the plaintiffs' construction of the Act is correct for purposes of this opinion.

of the class on March 14, 1977, directing defendants to "assess and collect taxes . . . on the bases of the reassessed valuations in compliance with the mandatory dates . . . of the [Act]." Again, defendants' petition to open judgment was denied.

The nature of mandamus has been described on innumerable occasions by the courts of this Commonwealth. "Mandamus is a remedy of great antiquity. It is extraordinary in character and is a high prerogative writ used rather as a last resort than as a common mode of redress." *Tanenbaum v. D'Ascenzo,* 356 Pa. 260, 262, 51 A.2d 757, 758 (1947). "The primary requisites for an action of mandamus are that the plaintiff has a legal right to enforce which is specific, well-defined, and complete; a corresponding positive duty resting upon the defendant; and no other adequate, specific, or appropriate remedy." *Pittenger v. Union Area School Board,* 24 Pa. Commonwealth Ct. 442, 445-46, 356 A.2d 866, 868 (1976). Mandamus is designed to stimulate and not to restrain official activities. *School Directors of Bedford Borough v. Anderson,* 45 Pa. 388, 390 (1863).

To the extent that plaintiffs were seeking relief with regard to the implementation of the new assessments in 1977, mandamus was an improper remedy. "It is a fundamental principle that mandamus will not issue, as a rule, where it is apparent that the writ will be futile or ineffectual by reason of the inability of the respondent to comply therewith." *Commonwealth ex rel. McLaughlin v. Erie County,* 375 Pa. 344, 350, 100 A.2d 601, 604 (1953). If defendants intended to utilize the new assessments in computing and collecting 1977 taxes, the plaintiffs' construction of the Act would have required all notices to have been mailed by August 20, 1976 and all appeals to have been disposed of by the Board of Assessment Appeals by October 1, 1976. These dates had already passed when the com-

plaints were filed in December 1976 and in March 1977. Thus, it was impossible for the defendants to comply with the statute with regard to the implementation of the reassessed values in 1977, and, to the extent that the lower court ordered such compliance, it was clearly in error.

If the plaintiffs were seeking to compel compliance with the Act in years subsequent to 1977, their action was premature. "It is axiomatic that to succeed in an action of mandamus the complainant must show an immediate and complete legal right to the thing demanded and that a corresponding duty of an imperative nature rests upon the person against whom issuance of the writ is sought." *Commonwealth ex rel. McLaughlin v. Erie County, supra,* 375 Pa. at 347, 100 A.2d at 603. If defendants did intend to implement the reassessed values in 1978, they had until August 20, 1977 to issue appropriate notices and until October 1, 1977 to hear all appeals. Thus, the rights of the plaintiffs, if any, were not immediate, and the duties of the defendants were not imperative. In addition, the complaints make no allegation that the defendants have refused to comply with the appropriate schedule for implementing new assessments in years subsequent to 1977. *See* Pa. R.C.P. No. 1095(3); *cf. Dombrowski v. Philadelphia,* 431 Pa. 199, 224, 245 A.2d 238, 251 (1968) ("[W]e certainly cannot assume that the city, now aware of its obligations, will refuse to act accordingly.") Finally, any specific rights of the plaintiffs would be dependent upon a decision by the defendants to implement the new assessments in a specific fiscal year, yet neither the complaints nor the records in these matters reveal the intentions of the defendants in this regard. *Cf. Dombrowski v. Philadelphia, supra* (issuance of writ requiring compliance with law in future years improper where city had not yet made the relevant financial decisions).

In summary, the lower court's granting of the relief requested by the plaintiffs was improper in that its order purported either to compel what was impossible or to compel the performance of acts which the defendants had not refused to do and which they had no immediate duty to perform. If the appeal process provided by statute was inadequate under the circumstances, a question we need not decide, the appropriate remedy would have been an injunction restraining the collection of taxes based on the new assessments.

Orders reversed and peremptory judgments set aside.

### ORDER IN 417 C.D. 1977

AND Now, this 23rd day of February, 1978, the order of the Court of Common Pleas of Potter County, dated February 2, 1977, is reversed, and peremptory judgment entered January 17, 1977 is set aside.

### ORDER IN 892 C.D. 1977

AND Now, this 23rd day of February, 1978, the order of the Court of Common Pleas of Potter County, dated April 25, 1977, is reversed, and peremptory judgment entered March 14, 1977 is set aside.