Leroy S. Frederick et al., Appellants *v.* The City of Butler and Police Pension Board of Managers, Appellees.

Argued May 9, 1979, before President Judge Bow-
man and Judges CRUMLISH, JR., MENCER, BLATT, DI-
SALLE, CRAIG and MACPHAIL. Judges WILKINSON, JR.
and ROGERS did not participate.

*Lee C. McCandless,* with him *McCandless & Krizner,* for appellants.

*Martin J. O'Brien,* for appellees.

OPINION BY JUDGE MENCER, Sepember 13, 1979:

A group of retired police officers of the City of Butler and the widows of police officers who had died prior to September 1, 1965, have appealed an order of the Court of Common Pleas of Butler County, dismissing their complaint in mandamus. The policemen seek to compel the City of Butler (Butler) to increase their pensions pursuant to Section 4303.1 of The Third Class City Code (Code), Act of June 23, 1931, P.L. 932, *as amended,* added by Section 1 of the Act of May 13, 1957, P.L. 134, 53 P.S. §39303.1, and the widows seek to compel the payment of pension benefits pursuant to Section 4303(c) of the Code, added by Section 2 of the Act of July 27, 1959, P.L. 569, 53 P.S. §39303(c). We affirm.

In *Frederick v. City of Butler,* 30 Pa. Commonwealth Ct. 625, 374 A.2d 768 (1977), we reversed an order of the Court of Common Pleas of Butler County and remanded the case "with directions that it be referred to the law side of the Court for determination in an action of mandamus or assumpsit and any fur-

ther proceeding not inconsistent with the opinion filed herewith." *Id.* at 631, 374 A.2d at 771. Thereafter, the case was transferred to the law side of the court and plaintiffs filed an action in mandamus, assumpsit, and for declaratory judgment. Upon a motion by Butler, the lower court limited plaintiffs' action to one in mandamus.[1] Plaintiffs' exceptions to this ruling were dismissed by the lower court en banc. Subsequently, the court, finding that the decision to increase the pension of retired policemen was discretionary and that the City had not abused its discretion in refusing to increase their pensions, dismissed plaintiffs' complaint in mandamus. Plaintiffs' appeal to this Court followed.

It is well settled that the extraordinary writ of mandamus only issues to compel the performance of a ministerial act or a mandatory duty and only when there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and the want of any other appropriate and adequate remedy. *See Board of Commissioners v. Turner*, 33 Pa. Commonwealth Ct. 639, 382 A.2d 1248 (1978). Moreover, mandamus will not compel the performance of discretionary acts except where the exercise or nonexercise of discretion is arbitrary, fraudulent, or based on a mistaken view of the law. *See Valley Forge Racing Association v. State Horse Racing Commission*, 449 Pa. 292, 297 A.2d 823 (1972). With these principles in mind, we turn first to the claims of the widows.

---

[1] The record is not clear as to why the lower court restricted plaintiffs to mandamus. It appears, however, that the lower court entered two orders, on the same day, transferring the case on remand to the law side of the court. The first order restricted plaintiffs to an action in mandamus, while the second allowed an action in assumpsit and/or mandamus and/or declaratory judgment proceedings. Butler's motion to strike the second order, on the ground that it was inconsistent with the first, was granted by the lower court, thereby leaving plaintiffs an action in mandamus.

Widows

Prior to September 1, 1965, third class cities were not obligated to pay pensions to widows or children of police officers. On that date, the legislature amended[2] Section 4303(c) to read as follows:

Section 4303. Allowances and Service Increments.—

. . . .

(c) The widow of a member of the police force or a member who retires on pension who dies or if no widow survives or if she survives and subsequently dies or remarries, then the child or children under the age of eighteen years of a member of the police force or a member who retires on pension who dies *on or after the effective date of this amendment*, shall, during her lifetime or so long as she does not remarry in the case of a widow or until reaching the age of eighteen years in the case of a child or children, be entitled to receive a pension calculated at the rate of fifty per centum of the pension the member was receiving or would have been receiving had he been retired at the time of his death. (Emphasis added.)

The widows contend that, by reason of this amendment, they are now entitled to a pension beginning on September 1, 1965, though their husbands died before September 1, 1965. We disagree.

Both sides construe the emphasized language to defeat the other's claim. Butler argues that it limits the grant of a mandatory pension to only those widows of police officers who have died on or after September 1, 1965. The widows, however, contend the

---

[2] Section 1 of the Act of September 1, 1965, P.L. 462. Section 4303(c) was further amended by Section 2 of the Act of October 17, 1969, P.L. 273, in a manner not relevant here.

restrictive language applies only to children, thereby leaving no limit on their own right to a pension.

In a situation like this, where statutory language is admittedly ambiguous, we are directed by the rules of statutory construction to discern the legislative intent behind the language. *See* 1 Pa. C.S. §1921. In ascertaining that intent, it is presumed that the legislature does not intend an unreasonable result and intends to favor a public interest over a private interest. *See* 1 Pa. C.S. §1922(1), (5). Clearly, if the widows' interpretation prevailed, their private interest in a pension would subvert the public's interest in an actuarially sound pension fund. Moreover, in the absence of any restrictive language applicable to the widows, seemingly nothing prevents a construction that they are entitled to pensions from the dates of their husbands' deaths, instead of their request from September 1, 1965. Not only would such a retroactive result be unreasonable, given the actuarial basis of pension funds, but it would conflict with the presumption against a retroactive construction contained in 1 Pa. C.S. §1926.

Finally, an analysis of the two prior amendments to Section 4303,[3] allowing third class cities the option of paying pensions to widows and children of policemen, reinforces our conclusion that the plaintiffs-widows are not entitled to pensions. Both amendments were prospective, applying only to widows and children of officers who had died after a specified date. Thus, since we construe Section 4303 to apply only to widows whose husbands have died on or after September 1, 1965 and none of the plaintiffs-widows meet this requirement, we affirm the lower court's dismissal of their complaint in mandamus.

---

[3] Act of August 1, 1963, P.L. 440; Act of July 27, 1959, P.L. 569.

## Policemen

The policemen advance three arguments to support their contention that they are entitled to an increase in their pensions. Their first argument, that Section 4303.1 of the Code requires Butler to increase their pensions, is totally without merit. Section 4303.1 clearly provides that "[a]ny city may at any time, *at its discretion*," increase the pension allowances of retirees. Being a discretionary act, it is not subject to mandamus. *See Valley Forge Racing Association, supra.* Moreover, in light of the evidence presented detailing the current financial unsoundness of Butler's pension fund and the restriction in Section 4303.1 that all increases must be according to a uniform scale,[4] we cannot say Butler abused its discretion in refusing to raise the officers' pensions.

The policemen's second argument, that they are entitled to increased benefits because Butler is contractually obligated to provide a pension adequate to maintain a basic standard of living, is likewise without merit. The officers have cited no provision, statutory or otherwise, guaranteeing them such a pension. Although it is true that the policemen have vested rights in the pension fund which protect them from being deprived of benefits that they were entitled to at the time of their retirement, *see* Section 4304 of the Code, 53 P.S. §39304 (inalienable rights in fund), these rights do not act to grant additional benefits beyond those allowed by the Code and applicable city ordinances. To put it simply, the policemen have received exactly what they contracted for, *i.e.*, one-half of their salary at the time of their retirement, computed pursuant to Section 4303(a).

---

[4] We construe "uniform scale" to mean that if one retiree receives an increase in his pension, all other retirees must receive the same percentage increase. *See Fraternal Order of Police v. McGovern*, 54 Del. Co. R. 293 (1966).

While we sympathize with the officers' plight, their remedy lies not with us but with the legislature. Although the legislature is no longer constitutionally restrained from increasing pension benefits to public employees, *see* Pa. Const. art. III, §26, it has not chosen to exercise its power with regard to third class cities, having left the decision to the sound discretion of the cities, as evidenced by Section 4303.1 of the Code. In the absence of such legislative action, it would be presumptuous for this Court to require that which the legislature chose not to do.

Finally, the policemen argue that Butler's refusal to increase their pension benefits, while at the same time increasing the salaries of active officers, thereby indirectly increasing the pension benefits they eventually might receive, discriminates against retirees and denies them equal protection of the law. Given, however, the obvious differences between active and retired policemen and the different considerations that go into a decision to increase an officer's salary, as opposed to his pension allowance, we find no violation of equal protection. Moreover, since the record indicates that all retirees have been uniformly denied an increase in their pension allowances by Butler, we must affirm the lower court's dismissal of their action in mandamus.

All that remains is the propriety of the lower court's order limiting plaintiffs to an action in mandamus. We agree with the plaintiffs that the lower court erred, for in our remand order we gave plaintiffs considerable leeway in repleading their cause of action, mentioning specifically an action in assumpsit or mandamus and "any further proceeding not inconsistent with the opinion filed herewith." Because of our holding that plaintiffs are not entitled to the pension benefits they seek, we find the lower court's re-

fusal to allow them to proceed in assumpsit for amounts owing to be harmless error.

Similarly, in view of our construction of ''uniform scale,'' the subject of plaintiffs' action for declaratory judgment, the lower court's refusal to allow that aspect of plaintiffs' complaint is also rendered harmless.

Order affirmed.

Judge DISALLE concurs in the result.

### ORDER

AND Now, this 13th day of September, 1979, the order of the Court of Common Pleas of Butler County in the above captioned case, dated July 31, 1978, is hereby affirmed.