York Paid Firemen's Pension Fund Board of York City, Pennsylvania, Appellant *v.* M. Kenneth Lindsey, Appellee.

Argued March 14, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Donald B. Hoyt,* Assistant City Solicitor, for appellant.

*James B. Leckrone,* with him *Carl H. Cordes,* for appellee.

OPINION BY JUDGE MENCER, June 5, 1980:

The York Paid Firemen's Pension Fund Board of York City (Board) appeals from an order of the Court of Common Pleas of York County which granted a summary judgment in favor of M. Kenneth Lindsey (Lindsey). We reverse.

The facts are undisputed. Lindsey retired as a paid fireman on February 11, 1969 and began receiving pension benefits, in the amount of $3,800 per year, pursuant to an ordinance which established pension benefits at one-half of a fireman's salary at the time of his retirement. On May 19, 1969, the City of York, upon recommendation by the Board, passed an ordinance which increased pension benefits to a level equal to one-half of the current salary being paid to firemen of the highest pay grade. For the years 1970-72, Lindsey received pension benefits at the increased rate.

On December 26, 1972, the City, without action or recommendation by the Board, enacted an ordinance repealing its May 19, 1969 ordinance. Thereafter, Lindsey's pension benefits for years 1973 to present remained at the 1972 level of $5,000 per year. The highest pay grade increased each year after 1972, and Lindsey sued to recover the difference between his benefit level and one-half of the highest pay grade. The lower court granted Lindsey's motion for summary judgment and this appeal followed.

The lower court's order was based upon its determination that the City of York did not have the statutory authority to revoke the proposed increases. The

lower court found that this authority had been delegated to the Board, pursuant to Section 4320 of The Third Class City Code (Code), Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §39320, which reads, in pertinent part, as follows: "All pension funds established under the provisions of this section shall be under the direction and control of a board of managers. . . . The fund shall be applied, under such regulations as the board of managers shall prescribe. . . ."

We disagree. Section 4322.1 of the Code, 53 P.S. §39322.1, provides:

> Any *city may, at any time, at its discretion,* upon the recommendation of the persons having custody and management of the firemen's pension fund, *increase the allowances of persons receiving allowances of any kind from the fund* by reason of and after the termination of the services of any member of the fund. (Emphasis added.)

This language clearly indicates that the discretion to increase benefits lies exclusively with the City and not with the Board, which may only recommend increases. Likewise, the power to refuse to grant pension increases lies solely within the discretion of the City. *Frederick v. City of Butler,* 45 Pa. Commonwealth Ct. 621, 405 A.2d 1343 (1979). The lower court's reliance on *Bassler v. Firemen's Pension Fund Board of Managers,* 42 Pa. D. & C. 2d 371 (Luz. 1967), for a holding to the contrary is misplaced, since *Bassler* did not consider the power of a city to fix or increase the level of pension benefits, nor did the court discuss Section 4322.1. Thus, we find that the City had the power to refuse to continue the increase in pension benefits.

Lindsey argues, however, that, by rescinding or revoking its May 19, 1969 ordinance, the City has impinged upon his vested rights to receive pension benefits. Our Supreme Court has likened the vesting of

pension benefits for public employees to a contract, holding that, when the conditions of retirement eligibility have been satisfied, retirement pay has "ripened into a full contractual obligation" and become a vested right. *Retirement Board of Allegheny County v. McGovern*, 316 Pa. 161, 169, 174 A. 400, 404-05 (1934). Here, Lindsey retired at a time when he was entitled to a pension in the amount of one-half his yearly salary at the time of his retirement. His right to receive those benefits was clearly vested by that time, and no subsequent legislation could reduce them. *Harvey v. Allegheny County Retirement Board*, 392 Pa. 421, 141 A.2d 197 (1958); *McBride v. Allegheny County Retirement Board*, 330 Pa. 402, 199 A. 130 (1938).

The City, by rescinding its May 19, 1969 ordinance, effectively froze Lindsey's pension benefit level at his *1972* level, which was an amount higher than that to which he was entitled when he retired. Consequently, Lindsey is not here complaining that the City is attempting to *reduce* his pension level; rather, he argues that he has acquired a vested right in future increases in pension benefits by virtue of the fact that he has received increases in the past pursuant to the May 19, 1969 ordinance. We disagree. The City is under no obligation to increase the benefit level, *Wright v. Allegheny County Retirement Board*, 390 Pa. 75, 134 A.2d 231 (1957); *Frederick, supra;* Section 4322.1 of the Code, and we do not believe that the receipt of increased benefits in one year creates a vested right in *future increases* in subsequent years. With respect to the proposed future increases, Lindsey had only "a *mere expectancy* created by law, and liable to be revoked or destroyed by the same authority." *Pennie v. Reis*, 132 U.S. 464, 471 (1889) (emphasis in original).

Order reversed.

## Order

And Now, this 5th day of June, 1980, the order of the Court of Common Pleas of York County in the above captioned case, dated July 6, 1979, is hereby reversed.

Judge WILLIAMS, JR. dissents.