Board of Supervisors of East Norriton Township, Appellant *v.* Gill Quarries, Inc., Appellee.

Board of Supervisors of East Norriton Township, Appellant *v.* Gill Quarries, Inc., Appellee.

Argued April 8, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MACPHAIL and WILLIAMS, JR. Judge BLATT did not participate.

*J. Edmund Mullin*, with him *Marc D. Jonas, Hamburg, Rubin, Mullin & Maxwell*, for appellant.

*John F. Christie, III, High, Swartz, Roberts & Seidel*, for appellee.

OPINION BY JUDGE MENCER, July 23, 1980:

Presently before us are the consolidated appeals by the Board of Supervisors of East Norriton Township (Board) from two orders of the Court of Common Pleas of Montgomery County. In No. 930 C.D. 1979, the lower court dismissed the Board's petition for a declaratory judgment on the bases that a decision on its merits would not terminate the controversy giving rise to the proceedings, *see* Declaratory Judgments Act, 42 Pa. C.S. §7537, and that the Board was seeking an advisory opinion. In No. 929 C.D. 1979, the lower court ordered the Board, pursuant to a complaint in mandamus filed by Gill Quarries, Inc. (Gill), to hold hearings on Gill's proposed curative amendment to the Township's zoning code. The lower court also ordered the Board not to utilize the services of the Township's solicitor during those hearings. We affirm the lower court's order in 930 C.D. 1979 and affirm as modified herein the lower court's order in 929 C.D. 1979.

The facts are not in dispute. On May 18, 1978, Gill filed an application with the Board for a curative amendment, pursuant to Section 609.1 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by Section 10 of the Act of June 1, 1972, P.L. 333, 53 P.S. §10609.1. Gill, the owner of a 60-acre tract, zoned residential, alleged that the Township did not provide for quarries in its zoning ordinance and that this omission constituted unlawful exclusionary zoning. Although several hearings were conducted on Gill's application, no evidence was taken nor did the Board take any action on the merits. Rather, the Board questioned the legality of the MPC's curative amendment procedure, alleging that the procedure fostered an unconstitutional commingling and/or bias on the part of both the Board and its solicitor. At the conclusion of the third hearing, the Board voted to continue the

hearings indefinitely and file a petition for declaratory judgment in order to test the constitutionality of the MPC's curative amendment provisions. Gill followed with an action in mandamus seeking to compel the Board to hear its petition. From the lower court's adverse rulings in both matters, the Board appealed to this court.

## No. 930 C.D. 1979

Although we are inclined to agree with the lower court that the Board is merely seeking an advisory opinion, *see Harford County v. Schultz*, 280 Md. 77, 371 A.2d 428 (1977), we affirm the dismissal for another fundamental reason. We find, under the facts of this case, that the Board lacks standing to contest the constitutionality of the MPC's curative amendment procedure. As stated in *Commonwealth v. Dollar Savings Bank*, 259 Pa. 138, 146, 102 A. 569, 571-72 (1917), " 'a court will never heed objections to the constitutionality of an act of assembly unless the complainants are affected by the particular feature alleged to be in conflict with the Constitution'...." (Citation omitted.) *Accord, Dwyer v. Dilworth*, 392 Pa. 123, 139 A.2d 653 (1958); *Knowles's Estate*, 295 Pa. 571, 145 A. 797 (1929). *See also Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). Here we fail to perceive how the alleged unconstitutionality of the MPC's curative amendment procedure either has an adverse impact upon the Board or infringes upon *its* constitutional rights. *Cf. Whitehall Township v. Oswald*, 400 Pa. 65, 161 A.2d 348 (1960) (township lacks standing to contest the constitutionality of one of its own zoning ordinances by a declaratory judgment action). *Accord, City of Mishawaka v. Mohney*, 156 Ind. App. 668, 297 N.E.2d 858 (1973). In addition, the Township, as a creature of the legislature, *Department of En-*

*vironmental Resources v. Borough of Carlisle,* 16 Pa. Commonwealth Ct. 341, 330 A.2d 293 (1974), does not have the authority to question the constitutionality of the legislative enactments of its creator. *See Slippery Rock Area Joint School System v. Franklin Township School District,* 389 Pa. 435, 133 A.2d 848 (1957); *Wilson v. Philadelphia School District,* 328 Pa. 225, 195 A. 90 (1937). Thus, the lower court did not err in dismissing the Board's petition for a declaratory judgment.

No. 929 C.D. 1979

It is well settled that the extraordinary writ of mandamus only issues to compel the performance of a ministerial act or a mandatory duty and only when there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and the want of any other appropriate and adequate remedy. *See* Board of Commissioners v. Turner, 33 Pa. Commonwealth Ct. 639, 382 A.2d 1248 (1978).

*Frederick v. City of Butler,* 45 Pa. Commonwealth Ct. 621, 624, 405 A.2d 1343, 1344 (1979).

It is clear that Gill is entitled to the relief it requested. Sections 609.1 and 1004(2)(f) of the MPC, 53 P.S. §§10609.1, 11004(2)(f), require the governing body to commence a hearing on an application for a curative amendment within 60 days of the request. Apparently recognizing this, the Board has presented no argument to the contrary on this issue to this court. Thus, we affirm that portion of the lower court's order directing the Board to hear Gill's petition for a curative amendment. We vacate, however, that portion of the lower court's order directing the solicitor for the Township of East Norriton not to counsel the Board during the proceedings on Gill's petition, since that action was beyond the scope of the relief requested by either par-

ty in its petition. *See Marks v. Bell Telephone Co. of Pennsylvania*, 460 Pa. 73, 88 n. 9, 331 A.2d 424, 431 n. 9 (1975).

Order at No. 930 C.D. 1979 affirmed and order at No. 929 C.D. 1979 affirmed as modified.

## ORDER

AND NOW, this 23rd day of July, 1980, the order of the Court of Common Pleas of Montgomery County, dated March 29, 1979, dismissing the petition for declaratory judgment filed by the Board of Supervisors of East Norriton Township, is affirmed. The order of the Court of Common Pleas of Montgomery County, dated March 29, 1979, granting Gill Quarries, Inc.'s complaint in mandamus and directing the Board of Supervisors of East Norriton Township to hold hearings on Gill Quarries, Inc.'s application for a curative amendment, is modified to delete the prohibition against the Board's use of the Township's solicitor during the hearings on Gill's application. As so modified, the order is affirmed.