## Patterson v. City of Washington

*George R. Sewak,* for plaintiff.
*Robert L. Ceisler,* for defendant.

TERPUTAC, *J.*, July 11, 1986—Plaintiff Clarence T. Patterson filed a complaint in mandamus against defendant City of Washington (hereinafter city) to compel it to pay hospitalization benefits for plaintiff pursuant to a resolution adopted by the city. A nonjury trial was held before the undersigned, and this opinion and decision is rendered in accordance with Pa.R.C.P. 1099 and 1038.

Patterson was a police officer with the city from September 21, 1967 to October 26, 1984, a period of about 17 years. Patterson testified he took a "disability retirement pension" in 1984. Although he had been injured in the line of duty, he remained on the police force as of the date of the resolution, which was August 16, 1984. Patterson asserts that within the 90 days set forth in the resolution, he filed an application with the Police Pension Fund Association of Washington, Pa., in accordance with its bylaws under Article IX. After complying with the requirements under Article IX for "Retirement For Physical Disability" by submitting a letter of resignation from the police department and by receiving an honorable discharge, Patterson was granted a disability pension. He requested the city to make payment for his hospitalization that, so he says, is mandated by the resolution of August 16, 1984. When the city denied his request for hospitalization payments, Patterson brought the instant suit.

Section 927 of the Codified Ordinances was enacted in 1936. It provides as follows:

"§927. Eligibility for Retirement. No officer shall be eligible to [sic] retirement by reason of age or physical disability not incurred in line of duty unless he has been a member of the Washington Police Department for a period of 20 years." (Ord. 324, February 19, 1936, §7)

Patterson contends that the city made an offer to police officers when the city adopted its resolution of August 16, 1984, so that within the time prescribed by the resolution, he became eligible for the hospitalization benefits. On the other hand, the city contends that §927 of the Codified Ordinances shows a clear act of limitation, not of authorization, and that the scope and intent of the resolution does not include officers within the class that Patterson was in.

The resolution provides as follows:

"A Resolution wherein the City of Washington agrees to pay the cost of certain health benefits for city police officers who retire within 90 days from the adoption of this Resolution.

"Whereas, certain police officers have indicated the desire to retire, and

"Whereas, under the present rules and regulations of the City of Washington, said retirement would cause the police officers to pay hospitalization benefits on their own once they have retired, and

"Whereas, the City of Washington is of the opinion that it is to the best interest of the city that the city offer the police officers incentive to retire.

"Now, therefore be it resolved as follows:

"1. The City of Washington agrees to pay the cost of hospitalization at the rate not to exceed the amount now being paid for each Police Officer of the City of Washington eligible for retirement who retires within 90 days from the adoption of this Resolution, under the terms and conditions hereinafter set forth."

The decision in this litigation is controlled by the intent of the resolution. Neither the Codified Ordinances nor the resolution defines "retirement" and "eligible for retirement." Because the terms

are not so defined, they must be interpreted and applied according to their common and approved usage. 1 Pa.C.S. §1903; United States Steel Corporation v. Commonwealth Unemployment Compensation Board of Review, 10 Pa. Commw. 553, 312 A.2d 460 (1973).

According to common and approved usage, "eligible" is defined as "fit and proper to be chosen." Black's Law Dictionary (5th ed. 1979). Retirement means to "terminate employment or service upon reaching retirement age." Black's Law Dictionary (5th ed. 1979). Retirement also means "to withdraw from active service." Black's Law Dictionary (4th ed. 1951). Retirement further can mean "the status of one who has ceased to work or engage in business or a termination of employment under conditions entitling one to retirement benefits." Ballentine's Law Dictionary (3d ed. 1969).

The ordinances of the city provide in §971 for three ways to become eligible for a "Retirement Pension." These ways are, first, to have served in the department for 20 years and to have reached the age of not less than 50 years; second, to have served 20 years and have become disabled for any reason; or, third, to have become disabled in the line of duty regardless of period of service or age.

In Frederick v. City of Butler, 45 Pa. Commw. 621, 626, 405 A.2d 1343, 1345 (1979), the Commonwealth Court stated:

"In a situation like this, where statutory language is admittedly ambiguous, we are directed by the rules of statutory construction to discern the legislative intent behind the language. See 1 Pa.C.S. §1921. In ascertaining that intent, it is presumed that the legislature does not intend an unreasonable result and intends to favor a public interest over a private interest." See 1 Pa.C.S. §1922(1), (5).

The circumstances surrounding the passage of the resolution indicate that city council intended to benefit particular police officers who had demonstrated as of August 16, 1984 their desire to retire and council wanted to give those officers an incentive to do so. At the time the resolution was passed, Mrs. Susanne Gomez was a member both of the city council and of the pension board. She testified that under the ordinances there is no provision authorizing retirement for disability. Retirement was limited to those officers who had at least 20 years' service. Since Patterson did not have 20 years of service, he was not retiring, but only taking a disability pension. The resolution was designed to reduce the payroll and to encourage the retirement of officers who had already achieved 20 years of service. Accordingly, it cannot be interpreted to apply to Patterson. Even though Article IX of the Police Pension Fund Bylaws speaks of retirement, the city had not approved the article nor has it incorporated the bylaws into their retirement ordinances. The city cannot be bound by them. Therefore, plaintiff's action in mandamus must be dismissed.

## ORDER

And now, this July 11, 1986, the civil action in mandamus is dismissed. The decision of the court is that we find in favor of defendant City of Washington and against plaintiff Clarence T. Patterson.