**Johnnie SANDERS, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 23, 1994.

Decided Dec. 14, 1994.

---

1. Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101—27–2702.

2. 24 P.S. § 13–1301.

3. 24 Pa.C.S. § 8303(c).

4. 24 Pa.C.S. § 8102.

5. 24 Pa.C.S. § 8102.

David Crowley, Chief Public Defender, for petitioner.

Robert A. Greevy, Chief Counsel, and Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before COLINS, President Judge, SMITH, J., and SILVESTRI, Senior Judge.

SMITH, Judge.

Before this Court are the cross-motions for summary relief filed by Johnnie Sanders and the Pennsylvania Board of Probation and Parole. Sanders filed in this Court's original jurisdiction a petition for review in the nature of mandamus alleging that the Board failed to timely issue a decision on whether to recommit Sanders as a convicted parole violator following his January 1993 revocation hearing. The issue presented is whether an unreasonable delay in the issuance of a Board decision following a revocation hearing (green sheet decision) requires dismissal with prejudice of the allegations underlying the revocation proceeding.

On April 19, 1990, Sanders was paroled from his one and one-half to three-year sentence for burglary. In August 1991, he was arrested, charged with robbery, simple assault, and other offenses and released on bail. Sanders was again arrested on March 24, 1992 and charged, inter alia, with burglary and criminal trespass resulting in the Board's issuance of a detainer warrant the same day. He pled guilty on July 7, 1992 to the burglary charge and was sentenced to fourteen to eighteen months incarceration. On September 24, 1992, Sanders pled guilty to the robbery charge and was sentenced to twenty to forty months, the sentence to run concurrently with the sentence on the burglary conviction. The Board conducted a revocation hearing on the burglary conviction and Sanders was recommitted to serve fifteen months backtime when available.

The Board conducted a revocation hearing on the robbery conviction in January 1993. On October 27, 1993, Sanders filed his petition for review with this Court alleging that the Board refused to issue a green sheet decision disposing of the charges connected with the robbery conviction and refuses to make him available to serve the fifteen months backtime on his reconviction for burglary. Sanders asserted that the Board's failure to issue a timely decision precluded him from participating in a program for early review and release from his recommitment time and has requested dismissal with prejudice of the charges underlying the January 1993 revocation proceeding. The Board issued a green sheet decision on November 17, 1993 recommitting Sanders as a convicted parole violator to serve twenty-four months backtime to run concurrently with his fifteen-months backtime recommitment with a reparole date of December 7, 1994.

The Board filed preliminary objections to Sanders' petition for review seeking dismissal of the case as moot or on demurrer. The Board asserted that the case was moot because it issued the green sheet decision and Sanders suffered no prejudice as he was recommitted to serve twenty-four months be-

ginning December 7, 1992 and was not available for early parole until December 7, 1993, three weeks after the green sheet was issued. This Court recognized that the case was technically moot but overruled the Board's preliminary objections because the issue presented is one of public importance and involves a matter which is capable of repetition yet evading review. The Court also overruled the Board's preliminary objection in the nature of a demurrer determining that Sanders stated a cause of action in mandamus because he demonstrated a clear legal right to a decision, a correspondingly clear duty on the part of the Board to issue a decision, and a lack of any other adequate remedy. *Sanders v. Pennsylvania Board of Probation and Parole*, 162 Pa.Commonwealth Ct. 424, 639 A.2d 872 (1994).[1]

The Board stated in its answer and new matter that Sanders' green sheet decision was delayed due to staff shortages. Attached to the Board's answer and new matter is a decision which accelerated Sanders reparole date from December 7, 1994 to June 7, 1994 pursuant to a recommendation made by the Department of Corrections on January 7, 1994. The Board alleged that Sanders committed prison misconduct on March 22, 1993 which prohibited him from consideration for accelerated reparole for nine months; and because Sanders would not have been eligible for consideration for accelerated reparole sooner than January 7, 1994 even if the green sheet decision was timely issued, Sand-

ers suffered no harm as he would not have been reparoled sooner than June 7, 1994. In his answer to new matter, Sanders admitted that he would not have been reparoled sooner than June 7, 1994 even if the green sheet had been mailed timely.

The Board now argues that this Court should dismiss Sanders' petition because he admits that no harm was suffered due to the Board's delay and therefore is in the same position he would have been in had the decision been rendered within a reasonable time.[2] Sanders counters that he need not prove actual prejudice because the Board avoided causing him harm by placing him on the early review program. Sanders argues that his release from the Board's detention is the only relief available for the Board's failure to timely execute the functions of its office, and that the remedy for the Board's failure to issue a timely decision must be consistent with the remedy for the Board's failure to timely conduct a revocation hearing. As both parties agree that no genuine issue of material fact is in dispute and each party claims entitlement to judgment as a matter of law, the only question before this Court is whether it can order the remedy Sanders seeks.[3]

With respect to a convicted parole violator's right to seek mandamus relief from this Court, the Pennsylvania Supreme Court has stated that:

1. Specifically, this Court held that the Board must issue a green sheet decision within a reasonable period of time and the ten-month delay here was unreasonable. The Court further held that although Sanders was not prejudiced by the delay "if one considers only the dates at issue," it may compel the Board to issue a decision due to the unique circumstances in this case including the Board's ability to issue longer recommitment times to avoid the problem of prejudice caused by its backlog and the potential liberty interests at stake. Nonetheless, the Court did not issue a remedy at that juncture as the Board had already issued the green sheet decision and the parties had not yet filed motions for summary relief pursuant to Pa.R.A.P. 1532(b).

2. The Board also attached to its motion for summary relief affidavits of hearing examiner, John G. Engle Jr., and Board member, Mary Ann Stewart, attesting that, inter alia, Engle voted on January 29, 1993 and Mary Ann Stewart voted

on March 20, 1993 to recommit Sanders to serve twenty-four months as a convicted parole violator because of his guilty plea to robbery charges; the decision to recommit Sanders to serve twenty-four months was recorded on March 20, 1993; and neither Engle nor Stewart were influenced by the Board's backlog in rendering their vote.

3. An application for summary relief may be granted if a party's right to judgment is clear, Pa.R.A.P. 1532(b), and no material issues of fact are in dispute. *Marshall v. Pennsylvania Board of Probation and Parole*, 162 Pa.Commonwealth Ct. 256, 638 A.2d 451 (1994). Although the Board has argued that it is entitled to summary judgment under Pa.R.Civ.P. No. 1035(b), the appropriate motion before this Court is one for summary relief pursuant to Pa.R.A.P. 1532(b). *Sanders; Gartner v. Pennsylvania Board of Probation and Parole*, 79 Pa.Commonwealth Ct. 141, 469 A.2d 697 (1983). This Court will therefore treat both motions as seeking summary relief.

A mandamus is an extraordinary writ of common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy. *Philadelphia Newspapers, Inc. v. Jerome,* 478 Pa. 484, 387 A.2d 425 (1978). A court of law of competent jurisdiction issues a mandamus to a public official, board or municipality directing them to perform a particular duty which results from their official station or operation of law. *Goodman v. Meade,* 162 Pa.Super. 587, 60 A.2d 577 (1948). A mandamus will not lie to compel discretionary acts, *Paige v. Pa. Bd. of Parole,* 311 F.Supp. 940 (E.D.Pa.1970), nor will it be issued to restrain official activities. *Board of Com'r of Potter County v. Turner,* 33 Pa.Cmwlth. 639, 382 A.2d 1248 (1978). A proceeding in mandamus is available to compel the Board of Probation and Parole to conduct a hearing or correct a mistake in applying the law. *Davis v. Pa. Bd. of Parole,* 484 Pa. 157, 398 A.2d 992 (1979); *Moore v. Roth,* 231 Pa.Super. 464, 331 A.2d 509 (1974).

*Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 554, 421 A.2d 1021, 1023 (1980), *cert. denied,* 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981). Moreover, In *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972), the United States Supreme Court itemized the minimum requirements of due process for a parole revocation hearing:

(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

While Sanders' right to a decision from the Board is beyond dispute, *Morrissey, Sanders,* he has provided no authority to support the contention that the appropriate remedy for the Board's failure is dismissal of the charges against him. Sanders relies on cases where the Board failed to prove that revocation hearings were conducted within 120 days as required by 33 Pa.Code § 71.4(1). *Taylor v. Pennsylvania Board of Probation and Parole,* 154 Pa.Commonwealth Ct. 462, 624 A.2d 225 (1993); *Williams v. Pennsylvania Board of Probation and Parole,* 145 Pa.Commonwealth Ct. 31, 602 A.2d 434, *appeal denied,* 533 Pa. 616, 618 A.2d 405 (1992); *Williams v. Pennsylvania Board of Probation and Parole,* 134 Pa.Commonwealth Ct. 597, 579 A.2d 1369 (1990); and *Saunders v. Pennsylvania Board of Probation and Parole,* 130 Pa.Commonwealth Ct. 612, 568 A.2d 1370, *appeal denied,* 527 Pa. 620, 590 A.2d 760 (1990) (where the Board fails to conduct a revocation hearing as required by 33 Pa. Code § 71.4(1), the appropriate remedy is dismissal of the parole violation charges with prejudice). Sanders' reliance on these cases is misplaced as this Court has recognized that the Board cannot disregard 33 Pa.Code § 71.4(1) on an individual case basis.[4] *Johnson v. Pennsylvania Board of Probation and Parole,* 129 Pa.Commonwealth Ct. 652, 566 A.2d 918 (1989), *aff'd,* 525 Pa. 573, 583 A.2d 790 (1991).

In *Marshall v. Board of Probation and Parole,* 162 Pa.Commonwealth Ct. 256, 638 A.2d 451 (1994), this Court granted a mandamus petition and directed the Board to consider a parole application because it determined that Section 22 of the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.22, commonly known as the Parole Act, provides a mandatory duty for the Board to consider applications for parole by a prisoner. However, where there is no specific rule requir-

---

4. *See also Ford Motor Co. v. State Board of Vehicle Manufacturers, Dealers and Salespersons,* 107 Pa.Commonwealth Ct. 313, 528 A.2d 1002 (1987), *appeal denied,* 521 Pa. 632, 558 A.2d 533 (1989) (the State Board of Vehicle Manufactur-

ers, Dealers and Salespersons' failure to make a final determination within 120 days as required by statute entitled automobile manufacturer to a deemed decision that good cause did not exist for refusing it to establish a new dealership).

ing the dismissal of charges and the party challenging the agency's decision has not established any harm due to the agency's delay, this Court has consistently refused to invalidate decisions of administrative agencies. *Luzzi v. State Horse Racing Commission*, 120 Pa.Commonwealth Ct. 215, 548 A.2d 659 (1988) (jockey failed to establish that he was prejudiced by the delay between his ejection from a race track and the State Horse Racing Commission's hearing); *Sharp's Convalescent Home v. Department of Public Welfare*, 7 Pa.Commonwealth Ct. 623, 300 A.2d 909 (1973) (decision of the secretary of the Department of Public Welfare need not be invalidated because the party was not harmed by the agency's failure to serve an adjudication when it issued a corresponding order).[5]

In the matter sub judice, no basis exists for requiring the Board to dismiss with prejudice the allegations underlying the revocation hearing. Neither the Parole Act, 61 P.S. §§ 331.1–331.34, nor the Board's regulations provide a time frame within which the Board must issue a green sheet decision. Hence, the only remedy available to Sanders is an order from this Court commanding the Board to issue its decision, which it has already done. Of particular note is this Court's decision in *Morganelli v. Casey*, —— Pa.Commonwealth Ct. ——, 646 A.2d 744 (1994), stating that the failure of an administrative agency or a court to decide a case within a reasonable time, where no time limit is statutorily prescribed, is subject to a mandamus order commanding the issuance of a decision. This principle applies with equal force to the Board in the matter sub judice where no statutory provision prescribes a time limit within which the Board must issue its revocation decision. *See also Bronson* (when a parolee is improperly denied assistance of counsel in his appeal from a green sheet decision, the remedy is a remand to afford the parolee a counseled appeal).

**5.** *Cf. Pittsburgh Board of Public Education v. Pennsylvania Human Relations Commission*, 128 Pa.Commonwealth Ct. 324, 563 A.2d 581 (1989) (the Pennsylvania Human Relations Commission's failure to conduct hearings for 13 years and 5 months after a complaint was filed did not

Accordingly, because the Board's decision has been issued and Sanders admittedly suffered no harm due to delay in issuing the untimely decision, the Board's motion for summary relief is granted and Sanders' motion for summary relief is denied.

### *ORDER*

AND NOW, this 14th day of December, 1994, the motion for summary relief filed by the Pennsylvania Board of Probation and Parole is granted. The motion for summary relief filed by Johnnie Sanders is denied and his petition for review is hereby dismissed.

warrant dismissal of the complaint on the grounds of the equitable doctrine of laches because the complainant acted with due diligence in filing the complaint and the delay was solely attributable to the commission).